IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BREELAND, | ) | |
| Plaintiff | ) | C.A. 10-70 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| MARK BAKER, | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 19], herein treated as a motion for summary judgment under Rule 56, be granted.

**II.   REPORT**

   **A.   Relevant Procedural and Factual History**

On March 25, 2010, Plaintiff Joseph Breeland, a prisoner formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Mark Baker, the Medical Director at SCI-Albion ("Baker"). In his *pro se* Complaint [ECF No. 4] and supplement thereto [ECF No. 9], Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. In particular, Plaintiff claims that Defendant refused to give him "pain pills that actually work," and refused to provide him with a hernia brace for his umbilical hernia.

On August 20, 2010, Defendant filed a motion to dismiss Plaintiff's complaint [ECF No. 19], asserting, *inter alia*, that Plaintiff has failed exhaust his administrative remedies with regard to his claims and, alternatively, has failed to state a claim of deliberate indifference upon which relief may be granted. Plaintiff filed a response to Defendant's motion on August 25, 2010.

[ECF No. 26]. This matter is now ripe for consideration.[1]

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008

---

[1] Both parties have submitted exhibits in support of their respective positions, which have been reviewed and considered by the Court. As a result, Defendant's motion to dismiss will be treated as a motion for summary judgment under Rule 56, in accordance with Fed.R.Civ.P. 12(d).

WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).


**2.    Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of

3

showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414

F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion of Administrative Remedies

Defendant contends that Plaintiff's should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

#### 1. Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be

---

2

It is not a plaintiff's burden to affirmatively plead exhaustion.  Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  Instead, the failure to exhaust must be asserted and proven by the defendants.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps

---

3

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that c1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

4

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2.     The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3.     Analysis

Defendant contends that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies. In support of this contention, Defendant has submitted the Verification of Melinda Adams, Assistant Superintendent, Grievance Coordinator, and Litigation Coordinator at SCI-Albion, who declares the following:

> 7.     Based upon my review of the grievance records for [Plaintiff], I

7

> can conclude that he has <u>not</u> exhausted the grievance procedures in place at SCI-Albion with regard to claims against Dr. Mark Baker that 1) he failed to provide proper pain medications and 2) that he failed to provide him with a hernia brace and treatment for his hernia.

(ECF No. 23-1 at ¶ 7)(emphasis in original).

In response, Plaintiff has submitted documentary evidence indicating that: (i) he did file a grievance on February 26, 2010 (grievance no. 309131), in which he complained about Defendant's alleged refusal to give him "some pain pills that work;" (ii) the grievance was denied on March 5, 2010; (iii) Plaintiff appealed the denial to the Superintendent, who sustained the denial; (iv) Plaintiff then submitted an "Inmate's Request to Staff Member" to Richard S. Ellers, Director of the Bureau of Health Care Services in Camp Hill, Pennsylvania, dated April 1, 2010, indicating that he was writing "to appeal my grievance, number 309131;" and (v) Mr. Ellers wrote a response to Plaintiff's request stating, *inter alia*, that Plaintiff's "concerns were reviewed by staff at the Bureau of Health Care Services," who "determined that the care being provide to [Plaintiff] by the staff at SCI Albion [was] medically appropriate." (ECF No. 22, Response to Motion to Dismiss, at p. 5-9). Based on this evidence, Plaintiff argues that he did, in fact, exhaust his administrative remedies with regard to grievance no. 309131.

Initially, it is apparent from both Ms. Adams' Verification and the documents Plaintiff has submitted in response that Plaintiff failed to exhaust his administrative remedies with regard to his hernia brace claim, as no reference to such a claim is contained in grievance no. 309131. Thus, summary judgment should be entered in favor of Defendant with regard to such claim.

Second, despite Plaintiff's belief that he appealed grievance no. 309131 "all the way to Camp Hill" and, thus, exhausted his administrative remedies [ECF No. 24], the unfortunate fact is that he failed to submit an appropriate appeal to the Central Office Review Committee within fifteen working days after the denial of his appeal to the Superintendent, as he was required to do under applicable DOC guidelines. See DC-ADM 804; Booth, 206 F.3d at 293. Although couched in terms of an administrative appeal, Plaintiff's inmate request to Richard Ellers on

April 1, 2010, was misdirected and failed to comply with the DOC's administrative grievance process. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...." Woodford, 548 U.S. at 87. Plaintiff's noncompliance with the DOC's grievance process is fatal to his claim here. Thus, summary judgment should also be entered in favor of Defendant on the remainder of Plaintiff's Eighth Amendment claim.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 19], herein treated as a motion for summary judgment under Rule 56, be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  February 3, 2011

cc:    The Honorable Sean J. McLaughlin
       United States District Judge