IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BREELAND, | ) | |
|     Plaintiff | ) | C.A. 10-70 Erie |
| | ) | |
|     v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| MARK BAKER, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss Plaintiff's amended complaint [ECF No. 68] be granted.

**II. REPORT**

    **A.    Relevant Procedural and Factual History**

On March 25, 2010, Plaintiff Joseph Breeland, a prisoner formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Mark Baker, the Medical Director at SCI-Albion. In his *pro se* complaint [ECF No. 4] and supplement thereto [ECF No. 9], Plaintiff claimed that Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. In particular, Plaintiff claimed that Defendant refused to give him "pain pills that actually work," and refused to provide him with a hernia brace for his umbilical hernia.

On August 20, 2010, Defendant filed a motion to dismiss Plaintiff's complaint [ECF No. 19], asserting, *inter alia*, that Plaintiff failed to exhaust his administrative remedies with regard to his claims. On February 3, 2011, this Court issued a Report and Recommendation [ECF No. 42] recommending that Defendant's motion be granted due to Plaintiff's failure to exhaust his

administrative remedies.[1]  This recommendation was adopted by District Judge Sean J.

McLaughlin pursuant to a Memorandum Judgment Order dated February 23, 2011 [ECF No.

44], and Plaintiff's motions for reconsideration of such Order were subsequently denied by

Order dated May 19, 2011.  On appeal, however, the Third Circuit Court of Appeals issued a

Judgment vacating District Judge McLaughlin's Order and remanding this case for further

proceedings [ECF No. 55].

Upon remand, Plaintiff filed a motion for leave to file an amended complaint [ECF No.

58], which was granted by this Court on September 19, 2011.  Plaintiff's amended complaint

was docketed by the Clerk on October 6, 2011 [ECF No. 65], and now constitutes the operative

pleading in this case.  The sole claim raised in the amended complaint is that Defendant was

deliberately indifferent to Plaintiff's medical needs in violation of Plaintiff's Eighth Amendment

rights because he allegedly failed to give Plaintiff proper pain medication. (ECF No. 65,

Amended Complaint, at ¶¶ 6, 12).

On November 18, 2011, Defendant filed a motion to dismiss Plaintiff's amended

complaint [ECF No. 68], asserting that Plaintiff has failed to state a claim upon which relief

may be granted.  Plaintiff was ordered to file a response to Defendant's motion by December 30,

2011; however, no response has been received to date.  Since ample time has now passed for

Plaintiff to file a response, this matter is ripe for consideration.


**B.** **Standards of Review**

**1.** **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

---

[1] Since both parties had submitted exhibits in support of their respective positions, which were reviewed and considered by the Court, Defendant's motion to dismiss was treated as a motion for summary judgment under Rule 56, in accordance with Fed.R.Civ.P. 12(d).

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

> Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:
> > To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the Defendant is liable for the alleged misconduct."

3

> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906

F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**C.     Discussion**

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[2] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such

---

[2] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

5

determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Accepted as true, Plaintiff's allegations, alone, reveal that, since Plaintiff suffered a fall in his cell on February 7, 2010, Defendant prescribed several pain medications, including Flexeril, Motrin, and Naprosyn. (ECF No. 65, Amended Complaint, at ¶ 6). This acknowledgment that Defendant prescribed various pain medications to treat Plaintiff's injuries belies Plaintiff's claim of deliberate indifference to his medical needs. See Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Nonetheless, Plaintiff complains that Defendant refused to place him on different pain medication because he did not want Plaintiff "on any narcotics." The tenor of this complaint clearly indicates that Plaintiff is dissatisfied with the medical treatment he received from Defendant and believes that a different course of treatment was warranted. However, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). As a result, Plaintiff's Eight Amendment deliberate indifference claim against Defendant should be dismissed.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss amended complaint [ECF No. 68] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 31, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge